Filed 11/17/21  P. v. Superior Court (York) CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br>     Petitioner, <br> v. <br> THE SUPERIOR COURT OF CONTRA COSTA COUNTY, <br>     Respondent. <br><br> KENNETH PAUL YORK, <br>     Real Party in Interest. | A160997 <br><br> (Contra Costa County Sup. Ct. No. 1-190303-8) |

BY THE COURT[1]:

    In accordance with our prior notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.)  Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument.  (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v.*

---

[1] Before Richman, Acting P.J., Stewart, J., and Miller, J.

1

*Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

The record reflects the prosecution no longer seeks the death penalty against real party in interest York.  Therefore, the most severe sentence York faces under the Penal Code § 190.2, subd. (d) special-circumstances allegations is now imprisonment for life without the possibility of parole.  As such, the Eighth Amendment rationale upon which the superior court dismissed the special-circumstances allegations here no longer applies. (*Harmelin v. Michigan* (1991) 501 U.S. 957, 995; *People v. Zimmerman* (1984) 36 Cal.3d 154, 158; *Sand v. Superior Court* (1983) 34 Cal.3d 567, 569-572.)

Therefore, let a peremptory writ of mandate issue directing respondent superior court to set aside and vacate the July 29, 2020 order dismissing the special-circumstances alleged in count 1 of the information and to enter a new order denying York's motion to dismiss.

We remind the parties that we previously granted petitioner's motion to defer briefing in appeal no. A160967, *People v. York*, pending disposition of this petition.  Any further action on that appeal should occur under case no. A160967.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)  The remittitur will issue immediately upon the finality of this opinion as to this court, should the parties so stipulate.  (Cal. Rules of Court, rules 8.272(c)(1) and 8.490(d).)